UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

AltosGroups, LLC,                                            Case No.:  6:23-bk-00866-LVV
(Tax EIN: 46-1041442)                                        Chapter 11

    Debtor.
_____/

In re:

AltosGroups, LLC,                                            Case No.:  6:23-bk-00867-LVV
(Tax EIN: 83-2022106)                                        Chapter 11

    Debtor.
_____/         ***Expedited Consideration Requested***

**UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASES OR CONVERT CASES TO CHAPTER 7**

Pursuant to 11 U.S.C. § 1112(b), Mary Ida Townson, United States Trustee for Region 21 ("United States Trustee"), by and through her undersigned counsel, moves for the dismissal of this jointly administered case because Debtors ignored this Court's orders and the Bankruptcy Code.

**SUMMARY**

Debtors filed their respective Chapter 11 cases in the Tampa Division in January 2023. Since then, Debtors have been required by 11 U.S.C. Section 345 and the Court's orders to close prepetition accounts and transfer funds they control to DIP accounts in authorized depositories. Debtors have ignored that requirement, putting at risk more than **$4.6 million dollars** in deposits in the Debtors' control. As the Court is no doubt aware, there has been recent instability in the banking system that heightens the already vital need to ensure that bankruptcy estate funds are properly protected, especially when those funds exceed FDIC insurance coverage.

1

Furthermore, Debtors' flagrant non-compliance combined with the lack of recent account records leaves the $4.6 million dollars unaccounted. Such lack of evidence-based transparency on the status of these funds as of the petition dates and post-petition is of tremendous concern to the United States Trustee.

On March 24, 2023, Debtors finally provided to the United States Trustee what appears to be proof of opening DIP accounts at Regions Bank on March 23 and 24, 2023. However, Debtors remain delinquent in transferring the $4.6 million to DIP accounts and in closing all prepetition accounts. Debtors have also disregarded this Court's orders and the Code by failing to: maintain general liability insurance; provide proof of filing 2020 and 2021 tax returns; and file monthly operating reports for February 2023.

The United States Trustee understands that Debtors' principal has been contending with cancer treatments that may affect the Debtors. However, if the principal's illness renders Debtors incapable of complying with this Court's orders or the Bankruptcy Code, then a Chapter 11 trustee should be installed. If the Debtors believe that a Chapter 11 trustee is not necessary because the principal is still capable of carrying out his necessary obligations, then the Debtors must fully comply with the Bankruptcy Code and this Court's orders timely.

## STANDING

1. The United States Trustee has standing to file motions to dismiss or convert chapter 11 cases under 11 U.S.C. §§ 307, 1104(a) and 1112(b)(1), as well as 28 U.S.C. § 586. *See also* Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

## FACTUAL BACKGROUND

2. AltosGroups, LLC (EIN: 46-1041442; Case No.: 6:23-bk-00866-LVV) ("AltosFL") and AltosGroups, LLC (Tax EIN: 83-2022106; Case No.: 6:23-bk-00867-LVV)

2

("AltosNC") (collectively, "Debtors") initiated their respective cases by filing voluntary chapter 11 petitions and schedules in the Tampa Division (Doc. No. 1 in *AltosFL* and *AltosNC*).

3. Debtors are financial services firms that focus on construction and development loan origination in the United States.

4. Debtors listed in their respective Schedules A/B equitable interests in $4,662,669.81 in cash deposits for the following entities:

   a. Hyatt House Kansas City - Cash Deposit of $200,416.06

   b. Hard Rock Kansas City - Cash Deposit of $3,000,674.00

   c. Maumee Point, LLC - Cash Deposit of $229,474.08

   d. Springhill Suites Kanab - Cash Deposit of $1,232,105.87

(collectively, "Deposit Creditors") (*Id*. at 12 in *AltosFL* and at 13-14 in *AltosNC*).

5. In Debtors' Statement of Financial Affairs ("SOFA"), Debtors listed the Deposit Creditors and their respective cash deposits as "property debtors holds or controls that the debtor does not own" and stated that each deposit is being held at JPMorgan Chase Bank as of the petition date (*Id*. at 27 in *AltosFL* and at 31 in *AltosNC*).

6. On January 10, 2023, the Court entered an Order Authorizing Debtor-in-Possession to Operate Business (Doc. No. 2 in *AltosFL* and *AltosNC*; "Operating Order") that requires Debtors to: (i) open and maintain debtor in possession accounts ("DIP Accounts"); (ii) maintain insurance customary and appropriate to Debtors' industry; (iii) file timely monthly operating reports; and (iv) cooperate with the United States Trustee (*Id*. at ¶ 2, ¶3, ¶6 and ¶ 7). Specifically, the Operating Order requires Debtors to "furnish such additional information as the United States Trustee may reasonably require in supervising the administration of the estate." (*Id*. at ¶ 7). Debtors' failure to comply is cause for dismissal. (*Id*. at ¶ 9).

7.     On January 12, 2023, the Court in the Tampa Division entered the Order Prescribing Consequences or Failure to File Operating Reports and Pay Quarterly Fees Timely that requires the Debtors to file all monthly operating reports ("MORs") and pay timely UST Quarterly Fees (Doc. No. 6 in *AltosFL*; Doc. No. 8 in *AltosNC*; "MOR Order"). Without MORs, the United States Trustee is unable to assess actual quarterly fees that are owed. The failure to comply timely with the duties to file MORs and pay quarterly fees constitutes grounds for the Court to convert or dismiss the case (*Id*.).

8.     In the AltosFL case, Debtors filed the Amended Joint Motion to Transfer Cases to [the] Orlando Division (Doc. No. 20 in *AltosFL*; "Transfer Motion") on January 27, 2023. Debtors alleged that the reasons for the transfer of venue were: (i) the Debtors' principal, Mr. David Ingram ("Mr. Ingram"), moved to Seminole County, Florida prior to filing Debtors' petitions being filed in the Tampa Division; and (ii) Mr. Ingram is receiving medical care and undergoing medical procedures in Orlando (*Id*. At 2).

9.     On February 15, 2023, the United States Trustee's office in Tampa called the Section 341 Meeting of Creditors ("341 Meeting"). During the 341 Meeting, the United States Trustee asked Mr. Ingram about the Deposit Creditors listed on Schedule A/B and the SOFA. When the United States Trustee asked whether the cash deposits belong to the Debtors or if they belonged to the Deposit Creditors, Mr. Ingram stated twice that the $4,662,669.81 in cash deposits were assets that the Debtors have control over.

10.    On February 17, the Court entered an order granting the Transfer Motion, which transferred both cases to the Orlando Division (Doc. No. 36 in *AltosFL*).

11.    On March 9, 2023, after the appeal period ran, the clerk transferred the cases to the Orlando Division.

12. Debtors disregarded the Court's orders and the Bankruptcy Code regarding DIP Accounts, proof of insurance, tax returns, and monthly operating reports. On March 16, 2023 and March 21, 2023, the United States Trustee's Orlando field office contacted Debtors' bankruptcy counsel via email and inquired as to the status of opening DIP Accounts, proof of insurance and other previously requested documents. On March 21, 2023, Debtors' counsel responded that Mr. Ingram was having serious health issues that was preventing him from providing the requested documents. The United States Trustee advised Debtors' counsel that a formal action would be filed if the outstanding documents were not produced by Friday, March 24, 2023.

13. On March 24, 2023, Debtors did provide the United States Trustee with proof that on March 23 and 24 they opened DIP Accounts at Regions Bank, an authorized depository. But as of the filing of this motion, the remaining items remain unresolved, specifically Debtors have each failed to: (i) transfer funds from prepetition accounts to DIP Accounts; (ii) close all prepetition bank accounts; (iii) provide proof of filing 2020-2021 tax returns; and (iv) maintain general liability insurance. Debtors also remain in violation of their obligation to file monthly operating reports for February 2023 (On March 24, 2023, after many emails from the United States Trustee, Debtors finally filed bare bones January MORs that do not reference Debtors' alleged equitable interests in the Deposit Creditors' cash deposits).

**ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

14. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interests of creditors. 11 U.S.C. § 1112(b).

15. Per 11 U.S.C. § 1112(b)(4), examples of "cause" warranting dismissal or conversion include: (i) gross mismanagement of the estate; (ii) failure to maintain appropriate

insurance that poses a risk to the estate or to the public; (iii) failure to comply with an order of the Court; (iv) unexcused failure to satisfy timely any filing or reporting requirement; and (v) failure timely to provide information reasonably requested by the United States Trustee.   11 U.S.C. § 1112(b).  (*See also* Operating Order.)

16. As described in more detail below, cause exists under 11 U.S.C. § 1112(b) to dismiss or convert this case to Chapter 7 because in violation of the Operating Order, the MOR Order, and the Bankruptcy Code, Debtors have each failed to: (i) transfer funds from prepetition accounts to DIP Accounts; (ii) close all prepetition bank accounts; (iii) provide proof of filing 2020-2021 tax returns; and (iv) maintain general liability insurance. Debtors also remain in violation of their obligation to file monthly operating reports for February 2023.

## CAUSES FOR DISMISSAL

### I. Failure to Transfer Funds to DIP Accounts and Other Violations of Court Orders – 11 U.S.C. § Section 1112(b)(4)(E)

17. Failure to comply with a court order is cause for dismissing or converting a Chapter 11 case under 11 U.S.C. § 1112(b)(4)(E). The Debtors have failed to comply with both the Court's Operating Order and the MOR Order.  The Operating Order provides specifically that "Debtor[s'] failure to comply with any of the provisions of this Order shall constitute cause for dismissal or conversion of this case." (Operating Order at ¶ 9).  Likewise, the MOR Order provides that if the Debtors fail to timely: (i) file any required monthly operating report or (ii) pay required UST Fees, the Court may dismiss these cases upon a motion by the United States Trustee or *sua sponte*, without a hearing (MOR Order at 2-3).

18. Debtors disregarded and failed to comply with the Court's Operating Order by not closing prepetition accounts and transferring funds in their control to DIP Accounts. This is also a violation of 11 U.S.C. Section 345, which prohibits debtors in possession from depositing or

investing bankruptcy estate funds in financial institutions that are not insured by the Federal Deposit Insurance Corporation ("FDIC") and that are not approved depositories. To become an approved depository, a financial institution must post an approved surety bond or, in lieu of a depository bond, must deposit notes, bonds or other obligations issued or guaranteed by the United States as set forth in 31 U.S.C. § 9303 as security. Without such bonds or collateral, depositor funds in excess of $250,000.00 are not protected in the event of a bank failure or other cause of loss. Therefore, all Chapter 11 bankruptcy funds must be maintained at a depository institution that has agreed to fulfill the requirements established by the United States Trustee Program.

19. Since January 2023, the Deposit Creditors' $4.6 million cash deposits and other funds controlled or owned by the Debtors have been unprotected because of Debtors' failure to uphold their obligations under the Operating Order and the Bankruptcy Code.

20. Debtors have also disregarded and failed to comply with their obligations under the Operating Order and MOR Order by failing to: maintain adequate insurance, provide proof of filing tax returns, and file MORs.

21. Accordingly, the Court should find cause to dismiss this case under 11 U.S.C. § 1112(b)(4)(c).

II. **Failure to Maintain Insurance – 11 U.S.C. § 1112(b)(4)(C)**

22. Failure to maintain appropriate insurance is a for cause basis for dismissing or converting a case under 11 U.S.C. § 1112(b)(4)(C).

23. Despite being directed to do so in the Court's Operating Order, Debtors have not provided, and apparently are unable to provide, proof of appropriate insurance. One can only conclude that the Debtors have not maintained appropriate insurance post-petition in violation of

11 U.S.C. § 1112(b)(4)(C). Indeed, on March 24, 2023, Debtors' counsel represented that Debtors are still seeking to obtain general liability insurance.

24.     Accordingly, the Court should find cause to dismiss or convert this case.

### III.    Unexcused failure file timely Monthly Operating Reports – 11 U.S.C. §1112(b)(4)(F)

25.     Unexcused failure to file MORs timely is cause for dismissal or conversion.  11 U.S.C. § 1112(b)(4)(F).

26.     Pursuant to the Court's Operating Order and the MOR Order, the Debtors were on notice that MORs must be filed timely, and they were made aware of the consequences of failing to do so (*See* MOR Order).  The Debtors' January MOR was due no later than February 21, 2023.  They did not file a motion seeking to extend the time to file the January MORs.  Debtors finally filed bare bones January MORs on March 24, 2023.

27.     The Debtors are still delinquent in filing the February MORs, which were due no later than March 21, 2023.  They did not file a motion seeking to extend the time to file the February MORs.

28.     Accordingly, the United States Trustee is unable to properly assess UST Quarterly Fees due for this quarter.

29.     The Court should find cause to dismiss or convert this case under 11 U.S.C. § 1112(b)(4)(F) arising from Debtors' unexcused failure to file MORs as required by the Court's orders and the Bankruptcy Code.

### IV.    Failure to Provide Information Reasonably Requested by the UST – 11 U.S.C. §1112(b)(4)(H)

30.     Failure to provide information reasonably requested by the United States Trustee is a for cause basis for dismissing or converting a Chapter 11 case under 11 U.S.C. § 1112(b)(4)(H).

31. Pursuant to the Operating Guidelines and Reporting Requirements for Debtors in Possession and Chapter 11 Trustees ("UST Guidelines") the Debtors must produce the following relevant items to the United States Trustee:

> a. certificates of insurance for all insurable assets, with the Office of the United States Trustee identified as a notified party;
> b. certificates of other insurance coverage, including general liability insurance;
> c. the two most recently filed state and federal income tax returns, with all schedules and attachments;
> d. each periodic statement for the twelve-month period preceding the filing of the petition for every financial account held by or for the benefit of the debtor and a copy of each cancelled check or a check register;
> e. proof that all pre-petition bank accounts have been closed, including copies of the final periodic statement, and cancelled checks for each account;
> f. proof of establishment of debtor-in-possession bank account(s);
> g. list of all disbursements and transfers of property made during the 90 days prior to the petition date, including the date, amount, payee or transferee, and purpose or consideration for the payment or transfer;
> h. projected cash budget for the first six months of post-petition operations
> i. most recent financial statements, including balance sheet and profit and loss statement;
> j. accounts receivable aging report.

(UST Guidelines at 2, Revised October 3, 2022)[1]. The UST Guidelines further states:

> The debtor's timely compliance with the United States Trustee's Operating Guidelines and Reporting Requirements is essential. *Failure to comply may result in a motion to dismiss or convert the case to a chapter 7 liquidation proceeding, a motion for the appointment of a chapter 11 trustee or examiner, or a motion for imposition of sanctions.* A request that these requirements be varied or waived must be in writing directed to the appropriate United States Trustee field office.

(*Id*. at 1; emphasis added.)

32. A copy of the USTP Guidelines were provided to the Debtors' counsel on January 11, 2023.

33. On January 31, 2023, the United States Trustee's Tampa field office provided a list of outstanding documents to Debtors' counsel, which included proof of closing pre-petition bank

---

[1] https://www.justice.gov/ust-regions-r21/file/ch11_guidelines_reporting_req.pdf/download

accounts, proof of opening DIP Accounts, copies of tax returns, and certificates of insurance. Despite repeated requests from United States Trustee's representatives in both the Tampa and Orlando field offices, Debtors have not done so.

34. Accordingly, the Court should find cause to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(4)(H).

## V. Gross Mismanagement of the Estate – 11 U.S.C. §1112(b)(4)(B)

35. Gross mismanagement of the bankruptcy estate is a for cause basis for dismissing or converting a Chapter 11 case.

36. In this case, Debtors' gross mismanagement is evidenced by their failure to maintain insurance, failure to close prepetition accounts and to transfer funds to DIP Accounts, failure to provide copies of 2020 and 2021 taxes (because they presumably did not file any); failure to comply with the Operating Order, and failure to comply with the Code's basic requirements. Further, it is unclear how Debtors anticipate reorganizing if it does not collect any gross income and cannot bear their own costs of prosecuting this bankruptcy case.

37. Because the Debtors have demonstrated gross mismanagement of the estate, the Court should find cause to dismiss this case under 11 U.S.C. § 1112(b)(4)(B).

## VI. Violation of Fiduciary Duties as a Debtor-in-Possession

38. In addition, the Debtors' failure to comply with the basic duties under the Bankruptcy Code demonstrates that they have failed to perform their fiduciary duties as a debtors-in-possession of this bankruptcy estate. As recognized by the Supreme Court, a debtor-in-possession "bears essentially the same fiduciary obligation[s] to the creditors as does the trustee for a debtor out of possession." *Wolf v. Weinstein*, 372 U.S. 633, 649-650 (1963); accord *In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 904 (Bankr. M.D. Fla. 2008). A

debtor's failure to comply with its fiduciary duties serves as additional cause for dismissal or conversion under 11 U.S.C. § 1112(b). *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 716 (Bankr. D. Md. 2011); *see also Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985).

39. Finally, there have been no unusual circumstances or other reasons presented why this case should not be dismissed or converted. 11 U.S.C. § 1112(b)(2).

## **CONCLUSION**

For the reasons set forth above, the United States Trustee respectfully requests that the Court enter an order dismissing or converting this case for cause pursuant to 11 U.S.C. § 1112(b). Specifically, Debtors have disregarded this Court's orders and the Bankruptcy Code because they have not:

(i) transferred more than $4.6 million in creditor deposit and other monies in their control to DIP Accounts;

(ii) provided proof of closing prepetition bank accounts;

(iii) provided proof of filing tax returns for 2020-2021;

(iv) maintained general liability insurance; or

(v) filed monthly operating reports for February.

The undersigned estimates that a hearing on this motion will require approximately twenty minutes.

## **RESERVATION OF RIGHTS**

The United States Trustee reserves the right to proceed at the hearing on this motion and present evidence to address any deficiency present in any subsequently filed or transmitted documents, or alternatively, reserves the right to amend this motion to address same.

DATED:    March 24, 2023.

        Respectfully submitted,

        Mary Ida Townson
        United States Trustee, Region 21

        */s/  Audrey May Aleskovsky*
        Audrey May Aleskovsky, Trial Attorney
        Florida Bar No.: 103236
        Bryan E. Buenaventura, Trial Attorney
        Florida Bar No.: 1022175
        United States Department of Justice
        Office of the United States Trustee
        George C. Young Federal Building and Courthouse
        400 W. Washington Street, Suite 1100
        Orlando, FL 32801
        Telephone No.: (407) 648-6301 Ext. 130
        Facsimile No.: (407) 648-6323
        Audrey.M.Aleskovsky@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically through CM/ECF on March 24, 2023, to all parties having appeared electronically in the instant matter.  **I HEREBY CERTIFY** further that a copy shall be served by U.S. Mail, postage prepaid, on March 24, 2023 to the following:

4300 W. Lake Mary Blvd.
Suite 1010, #352
Lake Mary, FL 32746-2449

        */s/  Audrey May Aleskovsky*
        Audrey May Aleskovky, Trial Attorney