UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    Case No.: 6:23-bk-00866-LVV
                                                          (Substantively Consolidated)

**ALTOSGROUPS, LLC,**                                     Chapter 7

_____ Debtor. _____/

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND
AGREED ALLOCATION AMONG DEPOSIT CREDITORS AND
AUTHORIZE FINAL DISTRIBUTIONS CONSISTENT THEREWITH**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at United States Bankruptcy Court, Middle District of Florida, George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Marie E. Henkel, as Chapter 7 Trustee of the substantively consolidated bankruptcy estate of AltosGroups, LLC (the "Trustee"), through counsel, and pursuant to 11 U.S.C. §§ 105, 704, 726, and 510, Federal Rules of Bankruptcy Procedure 2002, 3009, and 9019, and Local Rule 2002-4, files this Motion to Approve Compromise and Agreed Allocation Among Deposit Creditors and Authorize Final Distributions Consistent Therewith (the "Motion"), and in support thereof states as follows:

## I. **Preliminary Statement**

1. The Trustee is nearing completion of the administration of this Chapter 7 estate. As the estate moves toward final administration, the Trustee seeks approval of an agreed allocation among the Deposit Creditors (defined below) for the distribution of the net funds available for unsecured creditor distributions after payment of allowed administrative expenses, costs of administration, the Trustee's statutory commission and expenses, and the remaining priority claim of the Office of the United States Trustee.

2. The requested relief is appropriate because the Deposit Creditors comprise the remaining creditor constituency expected to receive distributions from the Estate, the non-deposit creditor issues that previously required reserves have now been resolved or materially narrowed, and the Deposit Creditors have agreed among themselves upon the allocation of the net funds to be distributed to them.

3. Accordingly, Court approval of the agreed allocation set forth herein will avoid unnecessary estate expense, claims litigation, tracing disputes, and disputes among the Deposit Creditors, while allowing the Trustee to complete administration and proceed toward final distributions in an orderly and efficient manner in the very near future.

## II. **Background**

4. The above-captioned case commenced with the filing of separate voluntary Chapter 11 petitions by AltosGroups, LLC (Tax EIN: 46-1041442) and AltosGroups, LLC (Tax EIN: 83-2022106) on January 9, 2023. The cases were later converted to Chapter 7, and Marie E. Henkel was appointed as the Chapter 7 Trustee.

5. As set forth in prior filings, the Debtors received and retained deposits from a group of creditors that have been referred to throughout these cases as the "Deposit Creditors." The

2

Deposit Creditors consist of: (a) One10 Hotel Holdings, LLC and One10 Hotel HRKC, LLC (collectively, "One10"); (b) A&B Kanab Hotels, LLC ("Kanab"); (c) 900 Broadway KC Development, LLC, CKlomhaus, LLC, Jeffrey Shanahan, Oak Holdings, LLC, Pedersen Development Company, LLC, Remsk, LLC, Scott J. Pedersen, and Shanahan Development Company, LLC (collectively, "900 Broadway"); and (d) Maumee Point, LLC ("Maumee," and together with One10, Kanab, and 900 Broadway, the "Deposit Creditors").

6.     The Trustee and the Deposit Creditors previously entered into a settlement agreement that was approved by the Court (Dkt. Nos. 381 and 395), which resolved certain immediate disputes regarding recovered Deposit Funds, authorized payment of the Trustee's and her professionals' fees and expenses from recovered Deposit Funds, and authorized an initial interim distribution to the Deposit Creditors.

7.     Thereafter, the Trustee continued to administer assets, pursue recoveries, and work cooperatively with the Deposit Creditors while preserving the respective rights and positions of the Trustee and the Deposit Creditors concerning any tracing-based or equitable-interest arguments.

8.     On November 21, 2025, the Trustee filed her Motion to Authorize Second Interim Distribution to Deposit Creditors (Dkt. No. 471), seeking authority to make a second interim distribution to the Deposit Creditors in the aggregate amount of $550,000.00, allocated among the Deposit Creditors in the amounts agreed upon by them. The Court approved the Motion by Order entered December 22, 2025 (Dkt. No. 497).

9.     At the time of filing that motion, only a small number of non-deposit creditor issues remained, including: (a) an IRS claim; (b) a $250.00 priority claim held by the Office of the United States Trustee; and (c) a potential Chapter 11 administrative expense claim asserted by the

Debtors' former counsel, Daniel A. Velasquez and the Law Firm of Latham, Luna, Eden & Beaudine, LLP ("LLEB").

10.     Since then, two of those three non-deposit creditor issues have been resolved for purposes of the Estate's final administration.

11.     First, the IRS amended its remaining proof of claim to assert a claim in the amount of $0.00 (Claim No. 5-2).

12.     Second, the Court entered an Agreed Order on Debtors' Counsel's Final Applications for Award of Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 482), which resolved LLEB's fee applications. Pursuant to that order, LLEB was authorized to retain amounts previously paid, and its remaining allowed Chapter 11 administrative expense claim was fixed in the amount of $16,120.00, but subordinated in right of payment to all other allowed claims in this case, including all allowed Chapter 7 administrative expenses and all allowed unsecured creditor claims, including the Deposit Creditors' claims. The order further provides that no reserve shall be established on account of LLEB's subordinated claim.

13.     As a result, the only remaining non-deposit creditor claim expected to be paid before distributions to the Deposit Creditors is the $250.00 priority claim held by the Office of the United States Trustee, together with any allowed administrative expenses and expenses of administration approved by the Court or otherwise payable in the ordinary course of the Trustee's final administration.

### III. The Agreed Allocation Among Deposit Creditors

14.     As the Trustee prepares to conclude administration, the Trustee requested that the Deposit Creditors confer and attempt to reach an agreement among themselves regarding the allocation of all net funds available for distribution to them after payment of: (a) allowed Chapter

administrative expenses, including the Trustee's statutory commission and expenses, and allowed fees and expenses of the Trustee's professionals; (b) any costs and expenses associated with administering and monetizing the Estate's remaining assets, including the outstanding judgments against PV Fund LLC, David Ingram, and The Spiro Group, Incorporated; (c) the remaining $250.00 priority claim held by the Office of the United States Trustee; and (d) any other amounts required to be paid or reserved before distributions to unsecured creditors pursuant to the Bankruptcy Code, any order of this Court, or the Trustee's final administration of the Estate (the "Net Deposit Creditor Distribution Amount").

15.    The Deposit Creditors have now conferred, negotiated, and advised the Trustee that they have agreed to the following allocation of the Net Deposit Creditor Distribution Amount:

    a.  One10: 55%;

    b.  Kanab: 25%;

    c.  900 Broadway: 10%; and

    d.  Maumee: 10%.

16.    The Trustee is in agreement with the foregoing allocation and believes it is in the best interests of the Estate and its creditors.

17.    The Trustee therefore seeks authority to distribute the Net Deposit Creditor Distribution Amount to the Deposit Creditors in accordance with the agreed percentages set forth above through the Trustee's Final Report and final distribution process.

## IV. Basis for Relief

18.    Section 704(a)(1) of the Bankruptcy Code requires the Trustee to collect and reduce to money the property of the Estate and close the Estate as expeditiously as is compatible with the

best interests of parties in interest. Federal Rule of Bankruptcy Procedure 3009 likewise provides

that, in a Chapter 7 case, dividends to creditors shall be paid as promptly as practicable.

19.     The relief requested by this Motion is consistent with those duties. The Trustee is

nearing completion of administration, and approval of the agreed allocation will allow the Trustee

to avoid unnecessary litigation and administrative expense while moving the Estate toward final

distribution and closure.

20.     The agreed allocation also falls within the range of reasonable settlements and

compromises that may be approved under Federal Rule of Bankruptcy Procedure 9019.

21.     According to the United States Court of Appeals for the Eleventh Circuit, when a

bankruptcy court decides whether to approve or disapprove a proposed settlement, it must

consider:

(a)     the probability of success in the litigation;

(b)     the difficulties, if any, to be encountered in the matter of collection;

(c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.*), 898 F.2d 1544, 1549 (11th Cir. 1990).

22.     Here, the agreed allocation eliminates the need for the Trustee to litigate claims

objections, tracing disputes, or allocation disputes among the Deposit Creditors. Such litigation

would impose additional administrative expense on an estate that is otherwise ready to proceed

toward final administration.

23.     Second, the agreed allocation was negotiated and agreed to by the Deposit Creditors

themselves. The Trustee understands that the Deposit Creditors are all in agreement with the

proposed allocation and that the allocation reflects their negotiated resolution of any disputes or issues among them concerning the appropriate distribution percentages.

24.     Third, approval of the agreed allocation will not prejudice any non-deposit creditor. The IRS has amended its remaining claim to $0.00. LLEB's remaining Chapter 11 administrative expense claim has been subordinated in right of payment to all other allowed claims, and the Court has already provided that no reserve shall be established on account of that subordinated claim. The remaining priority claim held by the Office of the United States Trustee will be paid before any distribution to the Deposit Creditors.

25.     Finally, the Trustee has exercised her business judgment in evaluating the agreed allocation and believes that approval of the allocation is in the best interests of the Estate, creditors, and all parties in interest.

26.     For these reasons, the Trustee respectfully requests that the Court enter the proposed Order attached as Exhibit "A" authorizing the Trustee, in connection with her final administration of the Estate, to distribute the Net Deposit Creditor Distribution Amount to the Deposit Creditors in the following percentages: One10, 55%; Kanab, 25%; 900 Broadway, 10%; and Maumee, 10%..

**WHEREFORE**, Marie E. Henkel, as Chapter 7 Trustee of the substantively consolidated bankruptcy estate of AltosGroups, LLC, respectfully requests that this Court enter an order: (i) granting this Motion; (ii) approving the agreed allocation among the Deposit Creditors; (iii) authorizing the Trustee, in connection with the final administration of the Estate, to distribute the Net Deposit Creditor Distribution Amount to the Deposit Creditors as follows: One10, 55%;

Kanab, 25%; 900 Broadway, 10%; and Maumee, 10%; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joshua D. Silver
Joshua D. Silver
Florida Bar No. 100022
Markowitz, Ringel, Trusty & Hartog, P.A.
Attorneys for Trustee
100 NE Third Avenue, Suite 610
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-0030
jsilver@mrthlaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on June 29, 2026, electronically to the parties who are currently on the list to receive e-mail notice/service for this case and via U.S. Mail to all interested parties on the attached service list.

/s/ Joshua D. Silver
Joshua D. Silver

8

# EXHIBIT A

[PROPOSED ORDER]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ALTOSGROUPS, LLC,

      Debtor.      /

Case No.: 6:23-bk-00866-LVV
(Substantively Consolidated)

Chapter 7

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE COMPROMISE
AND AGREED ALLOCATION AMONG DEPOSIT CREDITORS
<u>AND AUTHORIZE FINAL DISTRIBUTIONS CONSISTENT THEREWITH</u>**

**THIS CAUSE** came before the Court upon the Trustee's Motion to Approve Compromise and Agreed Allocation Among Deposit Creditors and Authorize Final Distributions Consistent Therewith (Dkt. No. __) (the "Motion"), and the Court, having reviewed the Motion, having noted that the Motion was served with negative notice pursuant to Local Rule 2002-4 and that no timely response or objection to the Motion was filed, and being otherwise fully advised in the premises,

finds that the relief requested in the Motion is in the best interests of the Estate and its creditors. Accordingly, it is

**ORDERED** as follows:

1.	The Motion is **GRANTED**.

2.	The compromise and agreed allocation among the Deposit Creditors, as set forth in the Motion, is **APPROVED**.

3.	For purposes of this Order, the "Net Deposit Creditor Distribution Amount" means all net funds available for distribution to the Deposit Creditors after payment of: (a) allowed Chapter 7 administrative expenses, including the Trustee's statutory commission and expenses, and allowed fees and expenses of the Trustee's professionals; (b) any costs and expenses associated with administering and monetizing the Estate's remaining assets, including the outstanding judgments against PV Fund LLC, David Ingram, and The Spiro Group, Incorporated; (c) the remaining $250.00 priority claim held by the Office of the United States Trustee; and (d) any other amounts required to be paid or reserved before distributions to unsecured creditors pursuant to the Bankruptcy Code, any order of this Court, or the Trustee's final administration of the Estate.

4.	In connection with the Trustee's Final Report and final distribution process, the Trustee is authorized to distribute the Net Deposit Creditor Distribution Amount to the Deposit Creditors in accordance with the following agreed allocation:

    a.	**One10 Hotel Holdings, LLC and One10 Hotel HRKC, LLC**: 55%

    b.	**A&B Kanab Hotels, LLC**: 25%;

    c.	**900 Broadway KC Development, LLC, CKlomhaus, LLC, Jeffrey Shanahan, Oak Holdings, LLC, Pedersen Development Company, LLC,**

**Remsk, LLC, Scott J. Pedersen, and Shanahan Development Company, LLC**: 10%; and

d. **Maumee Point, LLC**: 10%

5.      Nothing in this Order authorizes payment of any administrative expense, professional fee, Trustee commission, or other amount that requires further Court approval unless and until such approval is obtained or otherwise provided for under applicable law.

6.      The Trustee is authorized to take all actions reasonably necessary to implement this Order.

# # #

Attorney Joshua D. Silver is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.

3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

ALTOSGROUPS, LLC

CASE NO: 6:23-bk-00866-LVV

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7

On 6/29/2026, a copy of the following documents, described below,

TRUSTEE'S MOTION TO APPROVE COMPROMISE AND AGREED ALLOCATION AMONG DEPOSIT CREDITORS AND AUTHORIZE FINAL DISTRIBUTIONS CONSISTENT THEREWITH

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/29/2026

_Victoria Blake_

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Joshua D. SIlver, Esquire
Markowitz Ringel Trusty & Hartog, P.A.
100 NE Third Avenue - Suite 610
Ft. Lauderdale, FL  33301

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 623-BK-00866-LVV
MIDDLE DISTRICT OF FLORIDA
MON JUN 29 9-59-9 PST 2026

EXCLUDE

(U) 900 BROADWAY KC DEVELOPMENT LLC

A  B KANAB HOTELS  LLC
KOZYAK TROPIN  THROCKMORTON LLP
CO DAVID A SAMOLE  ESQ
2525 PONCE DE LEON BLVD
9TH FLOOR
CORAL GABLES  FL 33134-6039

DEBTOR

ALTOSGROUPS  LLC
4300 W LAKE MARY BLVD STE 1010
LAKE MARY  FL 32746-2449

EXCLUDE

(U) BRADESCO BANK

JPMORGAN CHASE BANK  NA
HOMER BONNER JACOBS ORTIZ  PA
1200 FOUR SEASONS TOWER  1441 BRICKELL A
MIAMI  FL 33131-3445 UNITED STATES

MAUMEE POINTE  LLC
CO PATRICIA A REDMOND  ESQ
STEARNS WEAVER MILLER WEISSLER ALHADEFF
150 WEST FLAGLER STREET  SUITE 2200
MIAMI  FL 33130-1545

OAK HOLDINGS LLC
2672 NORTH PARK DRIVE
200
LONGMONT  CO 80026-3494

ONE HOTEL HRKC  LLC
KOZYAK TROPIN  THROKMORTON LLP
CO DAVID A SAMOLE  ESQ
2525 PONCE DE LEON BLVD
9TH FLOOR
CORAL GABLES  FL 33134-6039

EXCLUDE

ONE10 HOTEL HOLDINGS  LLC
KOZYAK TROPIN  THROCKMORTON LLP
CO DAVID A SAMOLE  ESQ
2525 PONCE DE LEON BLVD
9TH FLOOR
CORAL GABLES  FL 33134-6039

(U) PEDERSEN DEVELOPMENT COMPANY LLC
PO BOX 320
20
BOULDER

REMSK LLC
2672 NORTH PARK DRIVE
200
LONGMONT  CO 80026-3494

EXCLUDE

SANDBERG PHOENIX  VON GONTARD PC
13900 TECH CITY CIRCLE  STE 415
ALACHUA  FL 32615-6090

(U) US DEPARTMENT OF JUSTICE

UNITED STATES TRUSTEE  ORL 11
OFFICE OF THE UNITED STATES TRUSTEE
GEORGE C YOUNG FEDERAL BUILDING
400 WEST WASHINGTON STREET  SUITE 1100
ORLANDO  FL 32801-2210

WELLS FARGO BANK  NA
BURR  FORMAN LLP
CO W PATRICK AYERS  ESQ
POB 380
TAMPA  FL 33601-0380

900 BROADWAY KC DEVELOPMENT LLC
222 E DUNKLIN  STE 102
JEFFERSON CITY  MO 65101-3168

900 BROADWAY KC DEVELOPMENT LLC
CO CRAIG N BLOCKWICK
2672 NORTH PARK DRIVE
200
LAFAYETTE CO 80026-3494

A  B KANAB HOTELS  LLC
CO DAVID A SAMOLE  ESQ
2525 PONCE DE LEON  9TH FLOOR
MIAMI  FLORIDA 33134-6039

AB KANAB HOTELS LLC
CO SATESH SAM PATEL  ESQ
162 N 400 EAST  SUITE A-204
SAINT GEORGE  UT 84770-7137

AB KANAB HOTELS  LLC
CO DAVID A SAMOLE  ESQ
KOZYAK TROPIN  THROCKMORTON LLP
2525 PONCE DE LEON BLVD  9TH FL
MIAMI  FL 33134-6039

BLUE CROSS BLUE SHIELD NC
PO BOX 580086
CHARLOTTE  NC 28258-0086

BRENDAN L MCPHERSON  ESQ
900 W 48TH PLACE
KANSAS CITY  MO 64112-1895

CKLOMHAUS LLC
8016 CENTREBRIDGE DRIVE
LONGMONT  CO 80503-7120

EXCLUDE

(U) CKLOMHAUS  LLC

CLEAR CONSTRUCTION MANAGEMENT LL
6800 COLLEGE BLVD  STE 245
OVERLAND PARK  KS 66211-1853

CRAIG N BLOCKWICK
2672 NORTH PARK DRIVE  NO 200
LAFAYETTE  CO 80026-3494

CRAIG N BLOCKWICK  ESQ
2672 NORTH PARK DRIVE   NO 200
LAFAYETTE  CO 80026-3494

D JOHN MONSON
20260 LAKEVIEW AVE
EXCELSIOR  MN 55331-9358

DAVID INGRAM
20337 ENCLAVE OAKS COURT
CORNELIUS  NC 28031-6518

DAVID L INGRAM
109 AMBERSWEET WAY 362
DAVENPORT  FL 33897-8418

DEPARTMENT OF REVENUE
PO BOX 6668
TALLAHASSEE FL 32314-6668

(P)DOMINION ENERGY
ATTN BANKRUPTCY
220 OPERATION WAY OSC 1A
CAYCE SC 29033-3701

DOUGHERTY FUNDING  LLC
90 SOUTH 7TH STREET
SUITE 4300
MINNEAPOLIS  MN 55402-4108

DURHAM JONES  PINEGAR
192 EAST 200 NORTH
THIRD FLOOR
SAINT GEORGE  UT 84770-2879

ENERGY UNITED
PO BOX 1831
STATESVILLE  NC 28687-1831

FAXAGE
313 INVERNESS WAY SOUTH
SUITE 110
ENGLEWOOD  CO 80112-5891

FLOYD BLACKWELL
20609 CORNELIUS STREET
CORNELIUS NC 28031-8560

GUSTO PAYROLL
525 20TH STREET
SAN FRANCISCO  CA 94107-4345

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA  PA 19101-7346

JEFFREY SHANAHAN
13900 CRABAPPLE RD
GOLDEN  CO 80401-1535

LAND ADVISORS CAPITAL
4900 N SCOTTSDALE RD
SUITE 3000
SCOTTSDALE  AZ 85251-7660

LIDIA M INGRAM
109 AMBERSWEET WAY 362
DAVENPORT  FL 33897-8418

LIDIA MAGALI INGRAM
109 AMBERSWEET WAY 362
DAVENPORT  FL 33897-8418

MARCUS  MILLICHAP CAPITAL CORP
515 S FLOWER ST
SUITE 500
LOS ANGELES  CA 90071-2207

EXCLUDE

MAUMEE POINT LLC
112 OLD ENGLISH DRIVE
STE 200
ROCHESTER  NY 14616-1957

(D)MAUMEE POINT LLC
112 OLD ENGLISH DRIVE
SUITE 200
ROCHESTER   NY 14616-1957

MAUMEE POINTE  LLC
STEPHEN DODD
STEPHEN D DODD CO  LLC
7200 CENTER STREET
SUITE 332
MENTOR  OH 44060-4900

EXCLUDE

(D)MAUMEE POINTE  LLC
CO PATRICIA A REDMOND  ESQ
STEARNS WEAVER MILLER WEISSLER ALHADEFF
150 WEST FLAGLER STREET  SUITE 2200
MIAMI  FL 33130-1545

MAUMEE POINTE  LLC
CO PATRICIA A REDMOND  ESQ
STEARNS WEAVER MILLER WEISSLER ALHADEFF
MUSEUM TOWER  SUITE 2200
150 WEST FLAGLER STREET
MIAMI  FL 33130-1536

MECKLENBURG COUNTY TAX COLLECTOR
PO BOX 31457
CHARLOTTE  NC 28231-1457

MUTUAL CREDIT CORPORATION
CO ANTHONY JACOBSON
1601 DOVE ST 2511
NEWPORT BEACH CA 92660-2433

OAK HOLDINGS LLC
2672 NORTH PARK DRIVE
200
2672 NORTH PARK DRIVE  200
LAFAYETTE  CO 80026-3494

OAK HOLDINGS  LLC
CO MARK NATHANSON
REGISTERED AGENT
14510 AMSTEL COURT
CHESTERFIELD  MO 63017-5608

EXCLUDE

OFFICE OF THE UNITED STATES TRUSTEE
400 WEST WASHINGTON STREET
SUITE 1100
ORLANDO  FL 32001-2440

ONE HOTEL HRKC  LLC AND ONE10 HOTEL HOLDINGS
CO DAVID A SAMOLE  ESQ
KOZYAK TROPIN  THROCKMORTON LLP
2525 PONCE DE LEON BLVD  9TH FL
MIAMI  FL 33134-6039

ONE HOTEL HRKC  LLC AND ONE10 HOTEL HOLDINGS
CO DAVID A SAMOLE  ESQ
KOZYAK TROPIN  THROCKMORTON  LLP
2525 PONCE DE LEON  9TH FLOOR
CORAL GABLES  FLORIDA 33134-6039

ONE10 HOTEL HRKC  LLC
202 WATER STREET  STE 202
EXCELSIOR  MN 55331-1887

ONE10 HOTEL HRKC  LLC
CO REGISTERED AGENT SOLUTIONS
838 WALKER RD  STE 21-2
DOVER  DE 19904-2751

ONE10 HOTEL HRKC  LLC  ONE10 HOTEL HOLDINGS
CO DAVID A SAMOLE  ESQ
KOZYAK TROPIN  THROCKMORTON LLP
2525 PONCE DE LEON BLVD  9TH FL
MIAMI  FL 33134-6039

ONE10 HOTEL HOLDINGS  LLC
202 WATER STREET  STE 202
EXCELSIOR  MN 55331-1887

PEDERSEN DEVELOPMENT COMPANY LLC
PO BOX 328
BOULDER  CO 80306-0328

PRIDESTAFF
9605 CALDWELL COMMONS CIRCLE
SUITE B
CORNELIUS  NC 28031-8139

REMSK LLC
2672 NORTH PARK DRIVE
200
2672 NORTH PARK DRIVE  200
LAFAYETTE  CO 80026-3494

REMSK  LLC
1710 REDWOOD AVE
BOULDER  CO 80304-1119

SANBERG  PHOENIX
PO BOX 790051
SAINT LOUIS  MO 63179-0051

SCOTT J PEDERSEN
11546 EAGLE SPRINGS TRAIL
LONGMONT  CO 80503-7348

SHANAHAN DEVELOPMENT COMPANY LLC
1509 YORK ST  STE 2O
DENVER  CO 80206-1408

SPECTRUM
CO TIME WARNER CABLE
PO BOX 4617
CAROL STREAM  IL 60197-4617

STEVEN D DODD  ESQ
8440 STATION STREET
MENTOR  OH 44060-4925

THE BLVD SARASOTA  LLC
CO HARKER E RUSSELL
CORE DEVELOPMENT  INC
9916 E HARRY  104
WICHITA  KS 67207-5093

THE BOULEVARD SARASOTA  LLC
CO TYLER B PEACOCK  ESQ
505 EAST BLVD
CHARLOTTE  NC 28203-5105

THE BOULEVARD SARASOTA  LLC
CO TYLER PEACOCK  ESQ
GARDNER SKELTON  PLLC
505 EAST BOULEVARD
CHARLOTTE  NC 28203-5105

CRAIG N BLOCKWICK
2672 NORTH PARK DRIVE
200
LAFAYETTE  CO 80026-3494

DAVID INGRAM
1646 SWALLOWTAIL LANE
SANFORD  FL 32771-8079

EXCLUDE

FRANK M WOLFF
NARDELLA  NARDELLA PLLC
135 W CENTRAL BLVD
SUITE 300
ORLANDO  FL 32001-2435

HAL A LEVENBERG  CIRCA  CFE
YIP ASSOCIATES
ONE BISCAYNE TOWER
2 S BISCAYNE BLVD  SUITE 2690
MIAMI  FL 33131-1815

JEFFREY CKLOMHAUS LLC
8016 CENTREBRIDGE DRIVE
LONGMONT  CO 80503-7120

EXCLUDE

(D)JEFFREY SHANAHAN
13900 CRABAPPLE RD
GOLDEN  CO 00401-1535

JOSHUA D SILVER
MARKOWITZ RINGEL TRUSTY  HARTOG PA
100 NE THIRD AVENUE
SUITE 610
FT LAUDERDALE  FL 33301-3552

KAVITA UTTAMCHANDANI
CENTURY 21 CARIOTI
1650 SAND LAKE ROAD
STE 107
ORLANDO  FL 32809-7671

EXCLUDE

KRISTEN L HENKEL
ME HENKEL PA
3560 S MAGNOLIA AVENUE
ORLANDO FL 32806-6214

EXCLUDE

MARIE E HENKEL
3560 SOUTH MAGNOLIA AVENUE
ORLANDO FL 32806-6214

PATRICIA A REDMOND
STEARNS WEAVER MILLER ET AL
MUSEUM TOWER SUITE 2200
150 WEST FLAGLER STREET
MIAMI FL 33130-1536

EXCLUDE

(U)SCOTT PEDERSEN
2672 NORTH PARK DRIVE
LAFAYETTE

SHAWN DROURR
TOO BUSY FOR TECHNOLOGY LLC
2232 BAHIA VISTA ST A47
SARASOTA FL 34239-2413

STEVEN M VANDERWILT
9940 HOOD ROAD
JACKSONVILLE FL 32257-1134

CRAIG SHANAHAN DEVELOPMENT COMPANY LLC
1509 YORK STREET
2672 NORTHPARK DR
DENVER CO 80026-3493